**FILED**

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 21 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GLENN TIBBLE; WILLIAM BAUER; WILLIAM IZRAL; HENRY RUNOWIECK; FREDERICK SUHADOLC; HUGH TINMAN, Jr.; as representatives of a class of similarly situated persons, and on behalf of the Plan, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> EDISON INTERNATIONAL; THE EDISON INTERNATIONAL BENEFITS COMMITTEE, FKA The Southern California Edison Benefits Committee; EDISON INTERNATIONAL TRUST INVESTMENT COMMITTEE; SECRETARY OF THE EDISON INTERNATIONAL BENEFITS COMMITTEE; SOUTHERN CALIFORNIA EDISON'S VICE PRESIDENT OF HUMAN RESOURCES; MANAGER OF SOUTHERN CALIFORNIA EDISON'S HR SERVICE CENTER, <br><br> Defendants - Appellees. | No. 11-56628 <br><br> D.C. No. 2:07-cv-05359-SVW-AGR <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Appeal from the United States District Court
for the Central District of California
Stephen V. Wilson, District Judge, Presiding

Argued and Submitted November 6, 2012
Pasadena, California

Before: GOODWIN and O'SCANNLAIN, Circuit Judges, and ZOUHARY, District Judge.[**]

The facts of this case are known to the parties and addressed in our contemporaneously filed opinion. Having affirmed the partial grant of summary judgment and trial verdict, we must confront the issue of costs and attorney's fees.

I

Beneficiaries argue on appeal that the district court erred in denying them costs and fees under Federal Rule of Civil Procedure 54 and under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.*

Rule 54(d) states that unless a federal statute or the Federal Rules of Civil Procedure provides otherwise, "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "create[s] a presumption for awarding costs to prevailing parties," placing the burden on the unsuccessful party to "show why costs should not be awarded." *Quan v. Computer*

---

[**] The Honorable Jack Zouhary, United States District Judge District Judge for the Northern District of Ohio, sitting by designation.

*Scis. Corp.*, 623 F.3d 870, 888 (9th Cir. 2010). ERISA speaks to costs *and to attorney's fees*, stating that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). Explaining the interplay between Rule 54(d) and § 1132(g)(1), *Quan* held that the ordinary Rule 54(d) inquiry governs whether a district court was correct to *deny* costs in an ERISA case. *See* 623 F.3d at 888–89.

II

A

We review both of these denials by the district court for an abuse of discretion. *See Plumber, Steamfitter and Shipfitter Indus. Pension Plan & Trust v. Siemens Bldg. Techs. Inc.*, 228 F.3d 964, 971 (9th Cir. 2000) (ERISA); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944 n.12 (9th Cir. 2003) (Rule 54(d)). The district court's final determination as to costs as well as attorney's fees was the product of three different orders. First, on December 29, 2010, analyzing only ERISA, the court decided that because beneficiaries "had 'some success'" in the litigation, some award of attorney's fees was proper. No judgment was entered at that point. Second, the court held that Edison was the prevailing party under Rule 54(d) on April 28, 2011. Then, third, in an August 22, 2011 decision, it clarified

its reasoning under Rule 54 and "reconsidered its exercise of discretion in awarding fees" to beneficiaries.

B

We discern no abuse of discretion in the court's ultimate resolution: neither party would receive any award.

1

Although not citing *Hummell* in reversing course on ERISA fees, the court's reference to its December 29 Order makes plain that it did, in fact, apply the correct legal standard. *Hummell* requires courts to consider:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of fees; (3) whether an award of fees against the opposing parties would deter others from acting under similar circumstances; (4) whether the parties requesting fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA; and (5) the relative merits of the parties' positions.

*Hummell v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980). "[N]o single *Hummell* factor is necessarily decisive." *Simonia v. Glendale Nissan/Infiniti Disability Plan*, 608 F.3d 1118, 1122 (9th Cir. 2010). Initially the court, quite reasonably, found that factors (1), (3), and (5) favored Edison: the imprudence was an innocent mistake; deterrence would not be significant; and the defendants' overall position in the litigation had been comparatively much stronger.

4

Beneficiaries were thought at the time entitled to a "limited award," because under factor (2) Edison could pay and because, while not pathbreaking, the litigation had—in terms of factor (4)— "indirectly and marginally benefitted a large class of participants."

In later deciding fees were inappropriate, the court explained that its new decision was based on "Plaintiffs' tactic of submitting aggressive discovery requests and asserting numerous non-meritorious claims." It had serious concerns about granting fees when beneficiaries pursue "a shotgun approach," because this would incentivize this style of litigating in the future. Edison is correct that this finding further advantages it on factor (1), concerning the relative culpability of the parties. In other words, once the district court determined that not only had Edison been acting in good faith, but beneficiaries had litigated in *bad faith,* it reconsidered its overall weighing of the factors. Simply put, a weak legal victory and Edison's ability to pay were perceived as insufficient bases—under the totality of five factors—to justify an award of fees.

This falls within the realm of reasonable decision making. Winning on a single claim is no guarantee of fees under ERISA. *See, e.g.*, *Cal. Ironworkers Field Pension Trust v. Loomis Sayles & Co.*, 259 F.3d 1036, 1048 (9th Cir. 2001) (affirming district court's decision to withhold fees when plaintiff prevailed on an

5

imprudent investment claim, but defendants successfully defended against the bulk of plaintiffs' allegations).

Finally, the court did recall ERISA's remedial purpose. It simply found that "special circumstances . . . render[ed] such an award unjust." *Honolulu Joint Apprenticeship & Training Comm. of United Ass'n Local Union No. 675 v. Foster*, 332 F.3d 1234, 1239 (9th Cir. 2003).

2

As for Rule 54, we need not decide whether the court was correct to consider Edison the prevailing party because its analysis of the equitable factors for denying costs adequately justify a denial, even if the burden of proof were reversed.

> Proper grounds for denying costs include (1) a losing party's limited financial resources; (2) misconduct by the prevailing party; and (3) the chilling effect of imposing . . . high costs on future civil rights litigants, as well as (4) whether the issues in the case were close and difficult; (5) whether the prevailing party's recovery was nominal or partial; (6) whether the losing party litigated in good faith; and (7) whether the case presented a landmark issue of national importance.

*Quan*, 623 F.3d at 888–89 (internal quotation marks omitted). Noting that its analysis of the *Hummell* factors was instructive, the court found factors (2), (4), (5) and (7) hurt beneficiaries' cause. This was not an abuse of discretion.

**AFFIRMED.**